IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Leanna Brown<br>                       Debtor | CHAPTER 13 |
| Wells Fargo Bank N.A., as Trustee for Delta Funding Corporation, Home Equity Loan Asset-Backed Certificates, Series 2000-4<br>                       Movant<br>vs. | NO. 14-19456 JKF |
| Leanna Brown<br>                       Debtor | 11 U.S.C. Section 362 |
| William C. Miller<br>                       Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$25,555.08**, which is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | May 2015 through April 2017 in the amount of $986.20/month;<br>May 2017 through June 2017 in the amount of $1,004.21/month |
| Suspense Balance: | $122.14 |
| **Total Post-Petition Arrears** | **$25,555.08** |

2. The Debtor shall cure the aforesaid arrearage in the following manner:

    a). Debtor shall amend her Chapter 13 Plan in order to provide for plan payments to cure the post-petition arrearage of $25,555.08, together with the pre-petition arrearage currently set forth in Movant's proof of claim, for which the Plan already provides. If the Debtor has not already done so, Debtor shall take any steps needed to accomplish the above, including filing a motion to modify the plan post-confirmation, which Debtor shall do within seven (7) days of the court order approving of and/or granting this stipulation.

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrearage of **$25,555.08**, together with the pre-petition arrearage currently set forth in Movant's proof of claim;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due July 1, 2017 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,004.21 (or as adjusted pursuant to

the terms of the mortgage) on or before the first (1st) day of each month (with late charges to be assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such Order.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, note and related loan documents, and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: June 8, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
Thomas I. Puleo, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 06/17/17

Erik B. Jensen, Esquire
Attorney for Debtor

Date: 6/20/17

**NO OBJECTION**

William C. Miller
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Jean K. Fitzsimon