United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 14-19456-jkf
Leanna Brown                                                              Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Antoinett          Page 1 of 1          Date Rcvd: Jun 23, 2017
                              Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 25, 2017.
db             #+Leanna Brown,    6601 N. 13th Street,    Philadelphia, PA 19126-3208

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                             TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 25, 2017                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 23, 2017 at the address(es) listed below:
              ERIK B. JENSEN    on behalf of Debtor Leanna  Brown john@erikjensenlaw.com,
               regina@erikjensenlaw.com;mjmecf@gmail.com;gilberto@erikjensenlaw.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    Wells Fargo Bank N.A., as Trustee for Delta
               Funding Corporation, Home Equity Loan Asset-Backed Certificates, Series 2000-4
               bkgroup@kmllawgroup.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    NATIONSTAR MORTGAGE, LLC. bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    Wells Fargo Bank, National Association Et Al...
               tpuleo@kmllawgroup.com,   bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                             TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Leanna Brown <br>               Debtor | CHAPTER 13 |
| Wells Fargo Bank N.A., as Trustee for Delta Funding Corporation, Home Equity Loan Asset-Backed Certificates, Series 2000-4 <br>               Movant <br> vs. | NO. 14-19456 JKF |
| Leanna Brown <br>               Debtor <br><br> William C. Miller <br>              Trustee | 11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$25,555.08**, which is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | May 2015 through April 2017 in the amount of $986.20/month; <br> May 2017 through June 2017 in the amount of $1,004.21/month |
| Suspense Balance: | $122.14 |
| **Total Post-Petition Arrears** | **$25,555.08** |

2. The Debtor shall cure the aforesaid arrearage in the following manner:

a). Debtor shall amend her Chapter 13 Plan in order to provide for plan payments to cure the post-petition arrearage of $25,555.08, together with the pre-petition arrearage currently set forth in Movant's proof of claim, for which the Plan already provides. If the Debtor has not already done so, Debtor shall take any steps needed to accomplish the above, including filing a motion to modify the plan post-confirmation, which Debtor shall do within seven (7) days of the court order approving of and/or granting this stipulation.

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrearage of **$25,555.08**, together with the pre-petition arrearage currently set forth in Movant's proof of claim;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due July 1, 2017 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,004.21 (or as adjusted pursuant to

the terms of the mortgage) on or before the first (1st) day of each month (with late charges to be assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such Order.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, note and related loan documents, and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: June 8, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
Thomas I. Puleo, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 06/17/17

Erik B. Jensen, Esquire
Attorney for Debtor

Date: 6/20/17

**NO OBJECTION**

William C. Miller
Chapter 13 Trustee

The foregoing settlement is
Approved by the Court this __23rd__ day of __June__, 2017. ~~However, the court retains~~
~~discretion regarding entry of any further order.~~
The settlement is between Wells Fargo Bank and the Debtor.

_____
Bankruptcy Judge
Jean K. Fitzsimon